IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

JOHN NANNI, )
an individual, )
 )
    Plaintiff, ) Case No:
 )
v. )
 )
WEINER, KRISTOL, AERENSON )
JOINT VENTURE, LLC, )
a Delaware Limited Liability Company, )
 )
    Defendant. )
_____/

## COMPLAINT

Plaintiff, JOHN NANNI, an individual, by and through his undersigned counsel, hereby files this Complaint and sues WEINER, KRISTOL, AERENSON JOINT VENTURE, LLC, a Delaware Limited Liability Company, for injunctive relief, attorneys' fees and costs pursuant to 42 U.S.C. §§ 12181 et seq., ("Americans with Disabilities Act" or "ADA") and states as follows:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, et seq., (the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3. Plaintiff, JOHN NANNI, (hereinafter referred to as "MR. NANNI") is a resident of the State of Delaware.

4. MR. NANNI is a qualified individual with a disability under the ADA. MR. NANNI suffers from Post-Polio Syndrome. MR. NANNI can only walk a limited distance each day, and is otherwise confined to a wheelchair.

5. Due to his disability, Plaintiff is substantially impaired in several major life activities including walking and standing, and requires a wheelchair for mobility.

6. The Defendant, WEINER, KRISTOL, AERENSON JOINT VENTURE, LLC, (hereinafter referred to as "DEFENDANT") is a Delaware Limited Liability Company registered to do business in Delaware. DEFENDANT is the owner, lessee, and/or operator of the place of public accommodation including the real property and improvements which is the subject of this action, to wit: Chestnut Run Shopping Center, generally located at 1702 Faulkland Rd, Wilmington, DE 19805 ("the Property"). The Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the District of Delaware.

## COUNT I
## (VIOLATION OF TITLE III OF THE ADA)

8. The allegations set forth in the preceding paragraphs above are incorporated by reference as if fully set forth herein.

9. The Property, a shopping plaza which includes numerous retail stores and restaurants, is a place of public accommodation and is therefore subject to Title III of the ADA.

10. MR. NANNI has visited the Property several times during the past year, regularly travels to the area where the Property is situated and plans to return to the Property in the near future.

11. During his visits, MR. NANNI experienced serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers as discussed in this complaint.

12. MR. NANNI intends to and will visit the Property to utilize the goods and services in the future, but fears that he will face the same barriers again unless they are corrected.

13. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of 42 U.S.C. §§ 12181 et seq. and 28 C.F.R. §§ 36.304 et seq. by excluding and/or denying Plaintiff the benefits of the goods and services located on the Property by failing to have accessible facilities by January 26, 1992. These barriers to access include, but are not limited to the following items which plaintiff personally observed and/or encountered at the Property:

    A.    Plaintiff personally encountered inaccessible parking throughout the Property due to low and/or missing signage. Specifically, nearly all of the parking spaces designated for disabled use contain signage posted less than sixty (60) inches from the ground. Furthermore, the parking space designated for disabled use in front of Concord Pet Supplies lacks any signage. These conditions made it difficult for Plaintiff to identify the designated disabled parking areas.

    B.    Plaintiff personally encountered inaccessible parking designated as accessible due to excessively steep slopes in the parking spaces and their access aisles in front of Dunkin Donuts. These conditions made it difficult for Plaintiff to safely transfer in and out of his vehicle and increased his risk of a fall.

    C.    Plaintiff encountered inaccessible routes throughout the Property between the disabled use parking spaces and the tenant entrances due to sidewalks with excessive cross-slopes. These conditions made it difficult and unsafe for Plaintiff to use these routes and increased his risk of a fall.

    D.    Plaintiff personally encountered inaccessible curb ramps throughout the Property due to a lack of level landings at the top and bottom of the

        ramps, uneven/excessive slopes and pavement in disrepair. These conditions made it difficult and unsafe for Plaintiff to traverse the ramps and increased his risk of a fall.

E.    Plaintiff personally encountered that the disabled use parking space near Concord Pet Supplies has a four-inch curb but lacks a ramp for wheelchair access. This condition made it impossible for Plaintiff to use this disabled parking space and gain access to the Concord Pet Supplies tenant.

F.    Plaintiff personally encountered inaccessible restrooms at the Property. Specifically, the restroom at Walgreens did not contain any insulation on the pipes under the sink. These conditions made it difficult and dangerous for Plaintiff to use the facilities.

14. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Independent of his intent to return as a patron of the Property because he enjoys the stores located there, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied. However, but for the above-described barriers to access, Plaintiff would visit the Property more often.

16. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible and easily accomplishable without placing an undue burden on the Defendant.

17. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

18. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff demands judgment against DEFENDANT and requests the following injunctive and declaratory relief:

A. That the Court declares that the Property owned and operated by DEFENDANT is in violation of the ADA;

B. That the Court enter an Order directing DEFENDANT to alter the facilities to make them accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA;

C. That the Court enter an Order directing DEFENDANT to evaluate and neutralize the policies and procedures towards persons with disabilities for such reasonable time so as to allow DEFENDANT to undertake and complete corrective procedures.

D. That the Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to the Plaintiff; and that the Court award such other and further relief as it deems necessary, just and proper.

E. That this Court award Plaintiff such other additional and proper relief as may be just and equitable.

Dated: February 16, 2022.

                                Respectfully Submitted,

By: */s/ David T. Crumplar*
     David T. Crumplar (#5876)
     Jacobs & Crumplar, P.A.
     *Of Counsel*
     750 Shipyard Drive
     Suite 200
     Wilmington, DE 19801
     Tel.: (302) 656-5445
     Fax: (302) 656-5875
     E-Mail: davy@jcdelaw.com

          -and-

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 209-A
Pembroke Pines, FL 33029
Tel: (305) 891-1322
Fax: (954) 686-3976